UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Ann M. Wirtz,<br><br>    Plaintiff,<br>vs.<br><br>Metropolitan Life Insurance Company<br><br>    Defendant. | Case No. 2:26-CV-00087<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Metropolitan Life Insurance Company ("MetLife") may be found in this district. In particular, MetLife is registered as a corporation with the State of Wisconsin, conducts ongoing business with Wisconsin residents, employs

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Wisconsin residents, has extensive contacts within Wisconsin, and accordingly is found within Wisconsin.

3. On information and belief, Homan Auto Sales is the employee benefit plan ("Plan") that Homan Auto Sales, Inc. ("Homan"), created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant MetLife is a corporation organized and existing under the laws of the State of New York and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Homan and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number TS 05973236-G which was issued by MetLife to Homan to insure the participants of the Plan.

8. On information and belief, MetLife both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, MetLife

has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. MetLife's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. On information and belief, under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

13. Plaintiff became disabled under the terms of the Plan's policy on or about May 11, 2022, and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14. Plaintiff submitted a timely claim to MetLife for disability benefits.

15. MetLife granted Plaintiff's claim for disability benefits. After two denials and two successful administrative appeals, MetLife paid Plaintiff benefits

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

until September 30, 2024. However, on November 16, 2024, MetLife cancelled Plaintiff's disability benefits. Plaintiff appealed MetLife's decision, but MetLife denied Plaintiff's appeal on November 20, 2025.

16. Plaintiff provided MetLife with substantial medical evidence demonstrating that she was eligible for disability benefits.

17. The medical evidence Plaintiff provided included significant medical records from treating providers.

18. The medical evidence Plaintiff provided included narrative reports from treating providers.

19. The medical evidence Plaintiff provided included an expert medical report and subsequent addendum.

20. Plaintiff also provided evidence that included an expert vocational report and subsequent addendum.

21. MetLife's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. MetLife failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed

Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

b. MetLife relied on the opinion of a medical professional who was financially biased by their relationship with MetLife and as such unable to offer an unbiased opinion;

c. MetLife relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. MetLife relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's board-certified physician;

e. MetLife ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. MetLife ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

22. MetLife abused its discretion in denying Plaintiff's claim.

23. The decision to deny benefits was wrong under the terms of the Plan.

24. The decision to deny benefits was not supported by substantial evidence in the record.

25. MetLife's failure to provide benefits due under the Plan constitutes a breach of the Plan.

26. MetLife's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from October 1, 2024, to the present. Plaintiff will continue to be deprived of those benefits and accordingly will continue to suffer future damages in an amount to be determined.

27. MetLife's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

28. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct MetLife to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: January 19, 2026

/s/ *Michael T. Freske*
Michael T. Freske (Reg. # 0294159)
P.O. Box 506
Champlin, MN 55316

Telephone: (612) 558-5081
Fax: (612) 500-4977
Email: mike@freskelaw.com

**ATTORNEYS FOR PLAINTIFF**